**WO**                     NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sheila Rae,<br><br>                    Plaintiff,<br><br>v.<br><br>United States of America,<br><br>                    Defendant. | No. CV-15-01551-PHX-JJT<br><br>**ORDER** |

At issue is Defendant United States of America's Motion for Summary Judgment (Doc. 17, MSJ), to which *pro se* Plaintiff Sheila Rae filed a Response (Doc. 22, Resp.), and Defendant filed a Reply (Doc. 23, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the following reasons, the Court grants Defendant's Motion for Summary Judgment (Doc. 17).

**I.     BACKGROUND**

The following facts are undisputed unless otherwise noted. Plaintiff Sheila Rae's action derives from injuries she sustained after being attacked by her husband, George E. Delury Jr., who had been under medical and psychiatric treatment at the Carl T. Hayden Veteran's Administration (VA) Medical Center. Mr. Delury is a military veteran who served in both the U.S. Army and U.S. Navy, entitling him to receive medical treatment through the U.S. Veteran's Administration. Prior to their relocation to Arizona, Plaintiff and her husband resided in Vermont, where Mr. Delury received medical and psychiatric

treatment at the White River Junction VA Medical Center. After moving to Arizona, Mr. Delury sought treatment at the Carl T. Hayden VA Medical Center.

On January 23, 2014, Plaintiff was physically assaulted by Mr. Delury. Plaintiff was admitted to a hospital, treated for various injuries, and discharged the following day. On October 31, 2014, Plaintiff filed a Standard Form 95 claiming damage, injury, or death under the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 *et seq.* Plaintiff alleged that her injuries were caused by a federal employee's negligence or wrongful act or omission occurring within the scope of the employee's federal employment. Plaintiff then brought the current action under the FTCA. (Doc. 1.)

## II. MOTION FOR SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288–89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

### III. ANALYSIS

#### A. Failure to Disclose an Expert

In moving for summary judgment, Defendant argues that Plaintiff failed to timely disclose a standard of care expert as required by Federal Rule of Civil Procedure 26. (MSJ at 2-5.) In her Controverting Statement of Facts, Plaintiff does not contest that she was required to disclose all experts by January 25, 2016, or that she has failed to disclose any expert to date. (PSOF ¶¶ 2-3.) Plaintiff's admission that she has failed to disclose an expert, alone, warrants summary judgment, as, without a standard of care expert, she is unable to prove essential elements of her claims. In her Response, however, Plaintiff posits several counterarguments: (1) this case is not a medical malpractice action, therefore not requiring expert testimony; (2) in contradiction to her Controverting Statement of Facts admission that she did not disclose an expert, that Plaintiff's initial disclosures included her proposed expert; (3) Plaintiff can prove her claims by showing deviation from Defendant's guidelines and through its own reports; and (4) expert testimony is not required to prove causation. The Court is unpersuaded by any of Plaintiff's contentions and analyzes each in turn.

Before meeting Plaintiff's arguments, the Court finds that Plaintiff is precluded from any attempted future disclosure of an expert. Under Federal Rule of Civil Procedure 26(a)(2), "a party shall disclose to other parties the identity of any person who may be used at trial [as an expert]," and provide a "written report" containing certain, specified information "at the times and in the sequence directed by the court. . . ." In its Scheduling Order, this Court noted that "absent truly extraordinary circumstances, parties will not be

permitted to supplement their expert reports after" the dates provided. (Doc. 9 at 2.) Plaintiff was required to disclose her expert by April 29, 2016. Plaintiff admittedly failed to do so and provided no extraordinary circumstances that would excuse her delay or allow a tardy disclosure. Such exclusion of witnesses and information not properly disclosed under Rule 26(a) "is automatic in the sense that there is no need for the opposing party to make a motion to compel disclosure . . ." prior to exclusion. Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, *Fed. Practice & Procedure* § 2289.1 (2d ed.1994); *see also Yeti By Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) ("The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction . . . ."); *Jarritos, Inc. v. Reyes*, 345 F. App'x 215 (9th Cir. 2009) (District court acted within its discretion in excluding plaintiff's late-filed expert reports, even though expert reports were central to plaintiff's case and their exclusion was highly prejudicial, where plaintiff did not produce its reports until between two and twenty-eight days after deadlines for disclosing experts had passed); Fed. R. Civ. Proc. 37(c)(1) ("[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness . . . not so disclosed").

### 1. Medical Malpractice

Plaintiff's action is one for medical malpractice brought under the FTCA. From the face of the Complaint, it is clear that Plaintiff claims that the Carl T. Hayden VA Medical Center was negligent when it failed to provide the medical and psychiatric services and level of care her husband needed and had previously received at the White River Junction VA Medical Center. (Doc. 1 at 1-2.) Indeed, Plaintiff represented as much by signing the Joint Case Management Plan on January 15, 2016, which stated in the first sentence of the first full paragraph that the action was a personal injury, medical malpractice case. (Doc. 9 at 1.) Plaintiff is thus precluded from contradicting that representation in an effort to circumvent the need for expert testimony or to evade an unfavorable outcome. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th

Cir. 1988) ("[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them"); *Bd. of Trs. of the Ken Lusby Clerks & Lumber Handlers Pension Fund v. Piedmont Lumber & Mill Co.,* 132 F. Supp. 3d 1175, 1181 (N.D. Cal. 2015) (holding that Defendant could not contest summary judgment using assertions that were inapposite to filed Joint Case Management Statements).

Even if the Court were to consider this case one alleging standard negligence, which it does not, Plaintiff's argument is equally unpersuasive. Regardless of how Plaintiff titles her claims, Plaintiff must establish that Defendant's physicians or psychiatrists were negligent—a fact that can only be illustrated by eliciting expert testimony. *St. Joseph's Hosp. v. Reserve Life Ins. Co.*, 742 P.2d 808, 816 (Ariz. 1987). ("Where . . . the alleged lack of care occurred during the professional or business activity, the plaintiff must present expert testimony as to the care and competence prevalent in the business and profession."); *Rossell v. Volkswagen of Am.*, 709 P.2d 517, 524 (Ariz. 1985) (noting "that in determining what is 'reasonable care,' expert evidence may be required in those cases in which factual issues are outside the common understanding of jurors"); *Hunter v. Benchimol*, 601 P.2d 279 (Ariz. 1979) (finding summary judgment appropriate absent such testimony). The sole exception to this requirement arises only in the most egregious cases, when negligence is so grossly apparent that a layman could recognize it. *Hales v. Pittman*, 576 P.2d 493, 498 (Ariz. 1978) ("in cases where the negligence complained of is so gross that a layman would have no difficulty in recognizing it, the plaintiff is not required to establish the requisite standard of care through expert testimony"). Undoubtedly, the complex and nuanced nature of the psychiatric care that Plaintiff alleges her husband required and was not afforded is not the type of negligence that can be apparent to a layman. *Compare with Revels v. Pohle,* 418 P.2d 364 (Ariz. 1966) (expert testimony not required where physician left steel sutures in plaintiff's abdomen); *Tiller v. Von Pohle,* 230 P.2d 213 (Ariz. 1951) (expert testimony not necessary where physician left a cloth sack in plaintiff's body); *see also Seisinger v.*

1  *Siebel*, 203 P.3d 483, 492, n.7 (Ariz. 2009) (collecting cases holding that, as to complex
2  conditions, layman can have no knowledge at all, and without expert testimony there is
3  no evidence that may be properly submitted to the jury).

4  Relatedly, Plaintiff appears to argue that the doctrine of *res ipsa loquitur* applies to
5  her case. (Resp. at 4.) Again, she is mistaken. "Ordinarily, negligence of a doctor cannot
6  be presumed in hindsight to be so gross that a layman can recognize it solely because an
7  injury did occur." *Riedisser v. Nelson*, 534 P.2d 1052, 1054 (Ariz. 1975). Instead,
8  negligence on the part of the doctor must be affirmatively proven. *Boyce v. Brown*, 77
9  P.2d 455 (Ariz. 1938). Whether Plaintiff's injuries were the result of her husband's care
10 is not a matter of common knowledge among laymen. Expert testimony is again required.
11 *Compare Sanchez v. Old Pueblo Anesthesia, P.C.*, 183 P.3d 1285, 1289 (Ariz. Ct. App.
12 2008) ("Arizona courts have repeatedly held, in medical malpractice cases where the
13 plaintiff is invoking the *res ipsa* doctrine, that expert testimony is necessary to establish a
14 departure from the relevant standard of care except when negligence is so clearly
15 apparent that a layman would recognize it.") (collecting cases) *with Carranza v. Tucson*
16 *Med. Ctr.*, 662 P.2d 455, 456–57 (Ariz. Ct. App. 1983) (holding no expert testimony
17 needed to recover on *res ipsa* theory for burn on child's leg after heart surgery).

18 Each of Plaintiff's arguments that expert testimony is not necessary is unfounded
19 in fact and in law. Plaintiff's case is precisely the type that necessitates expert testimony,
20 which Plaintiff will be unable to present. Thus, Defendant is entitled to summary
21 judgment.

22              **2.     Initial Disclosures**

23 Puzzlingly, Plaintiff next argues that she assumed that she met the requirements of
24 Federal Rule of Civil Procedure 26(a)(2)(B) by virtue of her initial disclosures, which
25 includes Patient Advocate Karen Sparks. (Resp. at 5-6.) Because Plaintiff does not
26 contest in her Controverting Statement of Facts that she has failed to make any expert
27 disclosures (PSOF ¶3), this argument is contradicted by Plaintiff's own pleadings—
28 effectively nullifying it and warranting summary judgment. Even if Plaintiff's disclosure

of Patient Advocate Sparks were construed as disclosure of an expert—which is far from clear—Plaintiff has nonetheless failed to comply with Federal Rule of Civil Procedure 26(a)(2)(B). *Harris v. United States*, 132 F. App'x 183, 184 (9th Cir. 2005) (District Court did not err in precluding expert from testifying on behalf plaintiff in FTCA case as plaintiff failed to timely disclose expert's designation and report). Plaintiff did not disclose her purported expert as an expert, failed to provide any of the expert's qualifications, and provided no reports as required under the Rule. Indeed, Plaintiff has failed to proffer any evidence that Patient Advocate Sparks meets any of the expert qualifications required under Arizona law. *See* A.R.S. § 12-2604; *Sanchez*, 183 P.3d at 1292 (affirming that party seeking to present expert testimony regarding standard of care must first supply an affidavit in compliance with § 12-2604). Any attempted disclosure of an expert was deficient and standard of care testimony from Patient Advocate Sparks is precluded, further warranting summary judgment on behalf of Defendant.

### 3. Standard of Care via Other Evidence

Plaintiff also contends that she is able to show deviation from the standard of care by pointing to the VA/Department of Defense Critical Guidelines for the Management of Post-Traumatic Stress—and Defendant's alleged failures thereunder—and Defendant's admissions of failure in its own reports. (Resp. at 7-8.) Any purported failure by Defendant to follow its own guidelines does not obviate the need for expert testimony. *Smethers v. Campion*, 108 P.3d 946, 950 (Ariz. Ct. App. 2005) (noting that standards or guidelines, standing alone, "do not establish the standard of care for any given situation"); *Bell v. Maricopa Med. Ctr.*, 755 P.2d 1180, 1183 (Ariz. Ct. App. 1988) (noting that deviation from hospital's own protocols cannot be considered evidence of negligence unless and until it is established that the "protocols were not merely evidence of the applicable standard, but were synonymous with it").

As to Defendant's alleged admissions made in its own reports, the Court notes that in some circumstances a defendant's testimony may establish the standard of care and its breach. *See, e.g., Vigil v. Herman*, 424 P.2d 159, 162 (Ariz. 1967) (holding that in a

medical malpractice case, the community standard of care may be established by defendant doctor's own testimony). However, Plaintiff has provided no such testimony. Indeed, Plaintiff's Controverted Statement of Facts offers no testimony from Defendants—by deposition or otherwise—that would support such a conclusion. Nor has Plaintiff produced the alleged report or reports she purportedly will rely on or any other exhibits, statements, or affidavits to that effect. Plaintiff points to absolutely no evidence of record that would allow her to contest that the standard of care was defined (or breached) by Defendant's admissions.

None of Plaintiff's alleged ancillary methods for establishing the standard of care are sufficient, and Plaintiff fails to create a material issue of contested fact regarding the disclosure of an expert or standard of care testimony.

### 4. Causation

As discussed above, Plaintiff will be unable to establish the standard of care or any deviation from it without expert testimony. Even were she able to, a medical malpractice claim such as Plaintiff's requires a showing that Defendant's conduct proximately caused Plaintiff's injuries. *See Benkendorf v. Advanced Cardiac Specialists*, 269 P.3d 704, 706 (Ariz. Ct. App. 2012). "The proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." *Robertson v. Sixpence Inns of Am.*, 789 P.2d 1040, 1047 (Ariz. 1990). Expert testimony is required whenever proof of an element of a claim, such as causation, calls for information that is outside an ordinary person's common knowledge. *See Claar v. Burlington N. R.R.*, 29 F.3d 499, 504 (9th Cir. 1994) (holding that a plaintiff must proffer admissible expert testimony when special expertise is necessary for a fact-finder to draw a causal inference); *Salica v. Tucson Heart Hosp. – Cardondelet, L.L.C.*, 231 P.3d 946, 951 (Ariz. Ct. App. 2010) (explaining that expert medical testimony is required to establish proximate cause in a medical negligence case "unless a causal relationship is readily apparent to the trier of fact"). This is particularly true when, as here, there are intervening factors and an alleged victim who

was not treated or in contact with Defendant. While causation is only mentioned in Plaintiff's Response, and superfluous due to her inability to define the standard of care, expert testimony is nonetheless necessary.

Under Arizona law, a plaintiff must present expert testimony as to the proper standard of care, which cannot be established by any of Plaintiff's other methods. Plaintiff will have no such expert to offer because she has disclosed no expert, discovery in this case is closed, and she has not demonstrated extraordinary circumstances meriting a reopening of discovery. Without such testimony, Plaintiff is unable to prove standard of care, breach, or causation—each necessary elements of her claim. Defendant is thus entitled to summary judgment.

### B.     Failure to Comply with Federal Rules of Civil Procedure

While the Court affords the benefit of the doubt to *pro se* parties, they must still follow the Court's rules and Orders. *Faretta v. California*, 422 U.S. 806, 834 & n.46 (1975) (noting that self-representation is not "a license not to comply with relevant rules of procedural and substantive law"); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (disabusing a *pro se* defendant of the notion that he was excused from complying with the procedural rules because they were "not something a *pro se* defendant can be expected to know"). As the Ninth Circuit has repeatedly held, *pro se* litigants are required to follow the same rules as parties who are represented by counsel. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that *pro se* litigants are bound by the same rules and procedures as other litigants). In addition, the Ninth Circuit has "repeatedly upheld the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 830 (9th Cir. 1986); Fed. R. Civ. P. 41(b) (noting that failure to comply with the rules or a court order may be grounds for dismissal). Indeed, on January 25, 2016, the Court cautioned Plaintiff regarding the same:

> At some point, however, it is the law that a party, whether represented or not, is held to the rules of the Court, and that means knowing them and following them or being able to look them up,

- 9 -

familiarize yourself with them, and apply them. That is the Federal Rules of Civil Procedure as well as the local rules of this District that can be found on the Court's website and the Rules of Evidence, the substantive law obviously and then it is the Orders of this Court that also have to be followed.

(Doc. 11.)

The Court further warned that if either party were to "fail to disclose something that [they] were going to use, [they] can't use it." (Doc. 11.) The Court then set forth the Scheduling Order that Plaintiff failed to comply with.

Not only was Plaintiff on notice regarding the consequences for lack of disclosure, but also for technical lack of compliance in her motion practice. Despite these warnings, and the wide latitude afforded *pro se* parties, Plaintiff's disclosures and filings fail to comply with the rules. As Defendant accurately points out, Plaintiff's Controverting Statement of Facts fails to attach any exhibits or cite to any portion of the Clerk's file. Plaintiff's Response further fails to comply with Local Rule 56(e) as it does not cite to specific paragraphs in her Controverted Statement of Facts that support assertions made in her Response. *Karisson Group, Inc. v. Langley Farms Invs., LLC*, No. CV-07-0457-PHX-PGR, 2008 WL 4183025, at *7, n.17 (D. Ariz. Sept. 8, 2008) (noting Local Rule 56(e)'s mandate and declining to search through filings to find relevant citations to the record).

Failure to follow these rules can cripple Defendant's ability to adequately respond to Plaintiff's statements and causes the Court great difficulty in discerning which facts are in dispute and which are not, and whether the parties have adequately satisfied their respective burdens. Apart from the deficiencies already noted, Plaintiff's failure to present evidence supporting her version of the facts, alone, renders the Court unable to determine whether Plaintiff has set forth specific facts such that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (affirming a district court's grant of summary judgment against a party that violated a

1 local rule by failing to meet its "affirmative burden to list genuine issues with appropriate
2 record citations").

### IV. CONCLUSION

Plaintiff has failed in both form and substance to contest Defendant's motion. Because Plaintiff failed to demonstrate a genuine dispute of material fact as to expert testimony—which is required to establish *prima facie* elements of her case—Defendant is entitled to summary judgment on all Plaintiff's claims against it. Independently, Plaintiff's failure to comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Arizona in responding to Defendant's motion also entitles Defendant to summary judgment on all Plaintiff's claims.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 17) as to Plaintiff's claims.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 15th day of September, 2016.

_____
Honorable John J. Tuchi
United States District Judge